KRAIG E. KAIN, Plaintiff-Appellant, *v.* ROCKRIDGE COMMUNITY UNIT
SCHOOL DISTRICT No. 300 *et al.*, Defendant-Appellees.

Third District   No. 82—842

Opinion filed August 26, 1983.

Francis VanHooreweghe, of VanHooreweghe, Fackel & Thuline, of Moline, for appellant.

Robert T. Park, of Katz, McAndrews, Durkee, Balch & Lefstein, P.C., of Rock Island (William Dailey, of counsel), for appellees.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Kraig Kain, brought suit against the Rockridge Community Unit School District and Thomas Schmulbach, a teacher and Kain's football coach, to recover damages for injuries sustained in a high school football game. The complaint alleged the defendants

were negligent in allowing the plaintiff to participate in the game. It alleged the defendants were negligent in that Schmulbach directed the plaintiff to play in the game although he had not participated in the minimum amount of practice sessions required by Rule 5.062 of the Illinois High School Association (IHSA). It also alleged that allowing plaintiff to play violated the plaintiff's doctor's orders, that the plaintiff was ineligible to play under IHSA rules, and that allowing plaintiff to play under these circumstances constituted negligence. The defendants moved to dismiss the complaint on the basis of statutory immunity. The motion was granted by the circuit court of Rock Island County and the plaintiff appeals. We affirm.

The Illinois School Code, section 24—24, provides that:

"Teachers and other certified educational employees shall maintain discipline in the schools. In all matters relating to the discipline and conduct of the schools and the school children, they stand in relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." (Ill. Rev. Stat. 1967, ch. 122, par. 24—24.)

In *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, the Illinois Supreme Court ruled that this statute conferred immunity on teachers and school districts from negligence in the supervision of activities connected with school programs. The court reasoned that the statute conferred the status *in loco parentis* on teachers for supervision of activities connected with school programs. Therefore, teachers standing *in loco parentis* should not be subjected to greater liability than parents. Since parents are not liable to their children for negligence, teachers are also not liable for negligence when they are acting *in loco parentis*.

The defendants in the case at bar were acting *in loco parentis*. Football programs and activities are connected with the school program and therefore there is immunity in this situation. (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 395 N.E.2d 538.) Thus the defendants are not liable for mere negligence.

The plaintiff argues that, *Thomas* notwithstanding, the statute is inapplicable here because the defendant violated an IHSA rule prohibiting students from playing football without adequate practice. He contends the statute applied only to situations in which the teacher has discretion. He argues that the rule is a prohibition leaving the teacher no discretion and, therefore, the statute is inapplicable.

We find the plaintiff's argument unpersuasive. The statute does

not speak of discretion. It speaks only of supervision, which does not entail only those situations involving discretion. Supervision also encompasses situations in which there is no discretion. Therefore, the statute is applicable here, and the defendants are not liable for mere negligence.

Since the defendants had statutory immunity, the trial court properly dismissed the complaint. Accordingly, the order of the circuit court of Rock Island County is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.