JERE LEE HOLT, a Minor, by Virginia Holt, his Mother and Next Friend, Plaintiff-Appellant, *v.* ROBERT CROSS *et al.*, Defendants-Appellees.

Fifth District   No. 5—83—0335

Opinion filed December 30, 1983.—Rehearing denied January 26, 1984.

James B. Roberts and Donna H. Kolb, both of Carbondale, for appellant.

Richard A. Green, Mary Lou Rouhandeh and Michael F. Dahlen, all of Feirich, Schoen, Mager, Green and Associates, of Carbondale, for appellees.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

The issue in this case of first impression is whether a student can recover punitive damages against a teacher who allegedly administered excessive corporal punishment. On November 6, 1980, plaintiff Jere Lee Holt, a minor, by his next friend and mother, Virginia Holt, filed suit against defendant Robert Cross, principal of Century Elementary School, and against the Board of Education, Century Unit School District 100, Pulaski County, Illinois. On December 22, 1982, plaintiff's third amended complaint, demanding punitive damages, was filed. Defendants subsequently filed a motion for involuntary dismissal asserting that the plaintiff is not entitled to punitive damages as a matter of law. The court entered an order on March 7, 1983, striking the punitive damage claim. Plaintiff's motion to vacate was denied on April 29, 1983. Plaintiff appeals.

Illinois teachers have express statutory authority to maintain discipline in the schools for the safety and supervision of the students in the absence of their parents or guardians. (Ill. Rev. Stat. 1981, ch. 122, par. 24—24.) The Illinois Supreme Court held in *People v. Ball* (1974), 58 Ill. 2d 36, 317 N.E.2d 54, that a teacher's right to discipline students is subject to the same standard of reasonableness which is applicable to parents in disciplining their own children. (See also *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.) In an action by a student against a teacher, the burden is upon the student to prove wilful and wanton misconduct by the teacher. (*Baike v. Luther High School South* (1977), 51 Ill. App. 3d 405, 366 N.E.2d 542.) Wilful and wanton conduct requires an intentional act or an act committed under circumstances exhibiting a reckless disregard for the safety of others. (*Baike v. Luther High School South.*) Criminal prosecution and a tort action for personal injuries have each been held proper remedies for excessive corporal punishment. (*People v. Ball; Baike v. Luther High School South.*) However,

plaintiff cites no direct authority for the proposition that punitive damages may be recovered for such conduct in Illinois.

■■ It is generally recognized that punitive damages are awarded to punish the offender and deter other similar offensive conduct. (*Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 330 N.E.2d 509.) Punitive damages are in the nature of a criminal penalty and are not favored under the law. (*Cornell v. Langland* (1982), 109 Ill. App. 3d 472, 440 N.E.2d 985.) Given the important role of education in our society, we cannot allow a rule which would make potential liability for punitive damages a primary concern in teachers' minds when they are called upon to maintain school discipline. Moreover, an allegation of wilful and wanton misconduct does not confer a right to punitive damages when the minimum requirement to state a cause of action requires such conduct. (Ill. Rev. Stat. 1981, ch. 122, par. 24—24; see *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157.) *Walker v. Dominick's Finer Foods, Inc.* (1980), 92 Ill. App. 3d 645, 415 N.E.2d 1213, cited by the plaintiff, is inapplicable to the case at bar since "wilful and wanton" conduct was not the minimum level of culpability required for recovery of compensatory damages in that case as it is in the case at bar (*Kain v. Rockridge Community Unit School District No. 300* (1983), 117 Ill. App. 3d 681, 453 N.E.2d 118).

■■ Since wilful and wanton conduct forms the basis for an action against a teacher for excessive corporal punishment, punitive damages cannot be sanctioned as an additional recovery. In holding that punitive damages are prohibited against a teacher alleged to have excessively punished a student, we need not decide whether the school district would be required to indemnify an employee for any punitive damages recovered. Ill. Rev. Stat. 1981, ch. 122, par. 10—20.20.

For the foregoing reasons, the judgment of the circuit court of Pulaski County is affirmed.

Affirmed.

KARNS and HARRISON, JJ., concur.