JAMES WINTERS, Plaintiff-Appellant, v. ANDREW M. GREELEY, Defendant-Appellee.

First District (4th Division)   No. 1—87—3513

Opinion filed September 29, 1989.

William D. Maddux and Ellen L. Spahr, both of William D. Maddux & Associates, of Chicago, for appellant.

Richard J. Phelan, Maryann Hayes, and Amy R. Kaufman, all of Phelan, Pope & John, Ltd., of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308) from an order of the circuit court of Cook County striking plaintiff's claim for punitive damages in a libel action and certifying the following question of law for our review:

> "[Whether] [w]here the Court has found as a matter of law that the plaintiff is a limited purpose public figure, the plaintiff is not entitled to punitive damages."

On July 21, 1982, plaintiff, the managing editor of a university magazine, instituted this libel action against defendant, an author and syndicated columnist. In his two-count amended complaint, plaintiff alleged that defendant made statements in a press release and during the taping of a television interview which falsely accused him of lying, of having committed various criminal offenses and of lacking the integrity required of a writer, reporter and editor actively in pursuit of a career in journalism. Plaintiff further alleged that defendant was aware that the statements were false when made, and that he intended them to be published without regard to their truth or falsity. According to plaintiff, defendant's statements caused him damage to his reputation and standing in the community and to his reputation and integrity as a managing editor and aspiring journalist, personal humiliation, mental anguish, and hindered him in the pursuit of his chosen profession. Count I of the complaint alleged libel *per se*; count II alleged negligence in the making of the statements. Each count sought $1 million in compensatory damages and $2 million in punitive damages.

The trial court found plaintiff to be a public figure for a limited purpose and denied defendant's motion for summary judgment. The court granted defendant's motion to strike plaintiff's claim for punitive damages on the basis of the decision in *Costello v. Capital City Communications, Inc.* (1987), 153 Ill. App. 3d 956, 505 N.E.2d 701, wherein the Fifth District Appellate Court held that where actual malice is the gist of an action for libel, an award of both compensatory and punitive damages constitutes an impermissible double recovery. (153 Ill. App. 3d at 974.) On November 6, 1987, the trial court entered an order striking plaintiff's punitive damage claim and certified the question of law quoted above.

OPINION

The certified question presents the issue of whether a public figure plaintiff is precluded, as a matter of law, from recovery of punitive damages in a libel action because the threshold of liability, *i.e.*,

"actual malice," which must be proved to support a punitive damage award is the same as the threshold of liability which is necessary for recovery of compensatory damages.

■ The current state of the law of defamation evolved from the landmark case of *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710. In that case, the United States Supreme Court held that protection of first and fourteenth amendment rights (U.S. Const., amends. I, XIV) precludes a public official from recovering damages for publication of a defamatory statement, except where it is proved by clear and convincing evidence that the defamatory statement was made with "actual malice." The showing of "actual malice" required to permit recovery was defined by the *New York Times* court as "knowledge [of the statement's falsity] or with reckless disregard of whether it was false or not." (*New York Times*, 376 U.S. at 279-80, 11 L. Ed. 2d at 706, 84 S. Ct. at 726.) The *New York Times* rule was extended to libel actions brought by persons who may not have been public officials but who were, in some sense, "public figures." (*Curtis Publishing Co. v. Butts* (1967), 388 U.S. 130, 18 L. Ed. 2d 1094, 87 S. Ct. 1975.) The *Curtis* Court further held that where a public figure proves that the defamatory matter was published with knowledge of or reckless disregard for its falsity, punitive damages are not precluded by the first and fourteenth amendments. See also *Fopay v. Noveroske* (1975), 31 Ill. App. 3d 182, 334 N.E.2d 79.

In the case at bar, the trial court ruled that plaintiff is a limited purpose public figure. Thus, the stringent requirements of *New York Times* are applicable, and, in order to recover *any* damages, plaintiff must establish that the defendant acted with "actual malice" by proving that the allegedly defamatory statements were made with knowledge of their falsity or reckless disregard for their truth or falsity.

■ In the law of defamation, "actual malice" has a unique legal meaning which differs significantly from the common law meaning of malice applied in other tort actions. The United States Supreme Court in *Cantrell v. Forest City Publishing Co.* (1974), 419 U.S. 245, 42 L. Ed. 2d 419, 95 S. Ct. 465, an invasion of privacy/false light action, stated:

" '[A]ctual malice' [as defined in *New York Times*] is a term of art created to provide a convenient shorthand expression for the standard of liability that must be established before a State may constitutionally permit public officials to recover for libel in actions brought against publishers. As such, it is quite different from the common-law standard of \*\*\* 'malice' generally re-

quired under state tort law to support an award of punitive damages. In a false-light case, common-law malice—frequently expressed in terms of either personal ill will toward the plaintiff or reckless or wanton disregard of the plaintiff's rights— would focus on the defendant's attitude toward the plaintiff's privacy, not toward the truth or falsity of the material published." 419 U.S. at 251-53, 42 L. Ed. 2d at 426-27, 95 S. Ct. at 470.

█ Where a public figure plaintiff establishes by clear and convincing evidence that the defendant acted with knowledge or reckless disregard of the falsity of the defamatory statement, it is unnecessary to additionally prove the existence of personal animosity, evil motive or intent to injure the plaintiff to recover damages for the defamation. The reverse, however, is not true. Proof that the defendant made the statement with rancor toward or intent to injure the plaintiff, without clear and convincing evidence of the defendant's knowledge or reckless disregard of the statement's falsity, is constitutionally insufficient to impose any liability upon the defendant. *Rosenblatt v. Baer* (1966), 383 U.S. 75, 15 L. Ed. 2d 597, 86 S. Ct. 669; see *Fopay v. Noveroske* (1975), 31 Ill. App. 3d 182, 334 N.E.2d 79.

█ We neither ascribe to the reasoning that *New York Times* "actual malice" is simply a more strict or higher version of the common law malice standard, nor do we ascribe to the theory that common law malice is encompassed within the *New York Times* standard. In our view, any such equation of the two concepts is, using a common metaphor, like comparing apples and oranges. Rather, in defamation cases, common law malice, denoting ill will or evil motive, and *New York Times* "actual malice," denoting "knowledge of or reckless disregard for the falsity of a defamatory statement" are distinct and incomparable standards requiring different proofs (*e.g., Erickson v. Aetna Life & Casualty Co.* (1984), 127 Ill. App. 3d 753, 469 N.E.2d 679; *Newell v. Field Enterprises, Inc.* (1980), 91 Ill. App. 3d 735, 415 N.E.2d 434; *Durso v. Lyle Stuart, Inc.* (1975), 33 Ill. App. 3d 300, 337 N.E.2d 443; *Carson v. Allied News Co.* (7th Cir. 1966), 529 F.2d 206; see generally Note, *Reports Upon Public Proceedings & Documents: Absolutely Protected by Constitutional Privilege*, 1985 U. Ill. L. Rev. 1059, 1075-80).

As noted earlier, the trial court in the instant case struck plaintiff's claim for punitive damages on the basis of the Fifth District Appellate Court holding in *Costello v. Capital Cities Communications, Inc.* (1987), 153 Ill. App. 3d 956, 505 N.E.2d 701. *Costello* was an action tried under the *New York Times* "actual malice" standard of

liability. The plaintiff filed suit against the owner of a local, general circulation newspaper and an editor of the newspaper following the publication of an editorial which, he alleged, constituted libel *per se.* The jury awarded plaintiff both compensatory and punitive damages. The appellate court, with one justice dissenting, affirmed the judgment for plaintiff, but reduced the award of compensatory damages as being excessive and reversed the judgment awarding punitive damages in its entirety.

Relying on the supreme court cases of *Dethloff v. Zeigler Coal Co.* (1980), 82 Ill. 2d 393, 412 N.E.2d 526, *Hammond v. North American Asbestos Co.* (1983), 97 Ill. 2d 195, 454 N.E.2d 210, and *Harris v. Manor Healthcare Corp.* (1986), 111 Ill. 2d 350, 489 N.E.2d 1374, the *Costello* court reasoned:

> "It is with the teaching of the foregoing cases, and with consideration given to the policy regarding punitive damages, that we hold that where actual malice is the gist of an action for libel, as here, both compensatory damages and punitive damages cannot be recovered. In essence and in fact, the nature of the conduct that will justify a recovery of compensatory damages is the same as the conduct that must be shown in order to recover punitive damages. Accordingly, to allow both would constitute a double recovery." *Costello*, 153 Ill. App. 3d at 976.

Plaintiff in the instant case urges that *Costello v. Capital Cities Communications, Inc.* (1987), 153 Ill. App. 3d 956, 505 N.E.2d 701, relied on by the trial court, lacks any basis in authority and should not be followed. Plaintiff argues that *Costello* ignored numerous long-standing decisions holding that where "actual malice" is proven in an action for libel, punitive damages may be awarded.

Adopting the reasoning of the *Costello* majority, defendant posits that the basis of liability for an award of punitive damages cannot be the same as that which is required to recover compensatory damages, and that because recovery of compensatory damages in a libel action involving a public figure requires proof of actual malice, the same standard of proof and evidence cannot be used to also sustain an award of punitive damages.

Subsequent to oral arguments in the instant case, *Costello* was reversed by the Illinois Supreme Court in *Costello v. Capital Cities Communications, Inc.* (1988), 125 Ill. 2d 402, 532 N.E.2d 790, on other grounds. The issue of the propriety of the appellate court's vacatur of the punitive damages award was not raised by the parties or addressed by the supreme court. For the reasons stated herein, we do not agree with the appellate court's pronouncement in *Costello* on the

issue of punitive damages, and consequently, we decline to follow *Costello* in ruling on the question presented in this appeal.

In *Smith v. Wade* (1983), 461 U.S. 30, 75 L. Ed. 2d 632, 103 S. Ct. 1625, the United States Supreme Court considered and rejected an argument nearly identical to the position taken in *Costello* and by defendant, *i.e.*, that an award of punitive damages cannot be based on the same conduct necessary to establish liability in the first instance. Although *Smith* was not a defamation action, we find the Court's reasoning to be instructive in our consideration of the position taken in *Costello* and by defendant.

The Supreme Court in *Smith* noted that irrespective of how egregious a defendant's conduct may be, punitive damages are never to be awarded as a matter of right, but are allowed only upon a finding that defendant's conduct met the recklessness threshold required in the *Smith* complaint and *also* merited a punitive damage judgment. In contrast, the Court observed that if liability is found, compensatory damages in an amount appropriate to compensate for plaintiff's loss, as determined by the evidence, are mandatory. The Court concluded that compensatory and punitive damages are not awarded on the same standard, noting that to make its punitive damage award, the jury is required to find not only that the defendant's conduct met the recklessness threshold, which is a question of fact, but also that his conduct merited a punitive award which is a "discretionary moral judgment." 461 U.S. at 52, 75 L. Ed. 2d at 649, 103 S. Ct. at 1638.

Following its discussion of this distinction, the *Smith* Court continued:

> "Moreover, \* \* \* [t]here has never been any general common-law rule that the threshold for punitive damages must always be higher than that for compensatory liability. On the contrary \* \* \* in situations where the standard for compensatory damages is as high or higher than the usual threshold for punitive damages, most courts will permit awards of punitive damages without requiring any extra showing. Several courts have so held expressly. Many other courts \* \* \* have held that punitive damages are available on the same showing of fault as is required by the underlying tort in, for example \* \* \* defamation of a public official or public figure \* \* \*. \* \* \* See, *e.g.*, \* \* \* *Fopay v. Noveroske* (1975), 31 Ill. App. 3d 182, 334 N.E.2d 79." 461 U.S. at 53-54 & n.19, 75 L. Ed. 2d at 649-50 & n.19, 103 S. Ct. at 1638-39 & n.19.

Similarly, in *Curtis Publishing Co. v. Butts* (1967), 388 U.S. 130, 18 L. Ed. 2d 1094, 87 S. Ct. 1975, the Supreme Court stated,

"Where a publisher's departure from standards of press responsibility is severe enough to strip from him the constitutional protection our decision acknowledges, we think it entirely proper for the State to act not only for the protection of the individual injured but to safeguard all those similarly situated against like abuse. Moreover, punitive damages require a finding of 'ill will' under general libel law and it is not unjust that a publisher be forced to pay for the 'venting of his spleen' in a manner which does not meet even the minimum standards required for constitutional protection. Especially in those cases where circumstances outside the publication itself reduce its impact sufficiently to make a compensatory imposition an inordinately light burden, punitive damages serve a wholly legitimate purpose in the protection of individual reputation. We would hold, therefore, that misconduct sufficient to justify the award of compensatory damages also justifies the imposition of a punitive award, subject of course to the limitation that such award is not demonstrated to be founded on the mere prejudice of the jury." 388 U.S. at 61, 18 L. Ed. 2d at 1114, 87 S. Ct. at 1994.

Defendant contends that States have the authority to impose additional tests for the recovery of punitive damages under the first amendment. Relying primarily on the Illinois Supreme Court decisions discussed in *Costello*, defendant argues that in Illinois punitive damages are not recoverable where, as in public figure defamation cases, a special remedy exists to adequately compensate the plaintiff or where the other types of damages available are themselves punitive in nature.

Defendant in his brief argues that compensatory damages in defamation actions are not limited to "special" damages based on quantifiable economic loss, but also include "presumed" damages which provide recovery for mental suffering, personal humiliation, and impairment of personal and professional reputation and standing in the community without evidence assigning a monetary value to the injury. Defendant reasons that "presumed damages therefore consist of the same unquantifiable elements resulting from damaged reputation as do punitive damages *** [and] clearly are not compensatory in the traditional sense of compensating a victim for demonstrated economic loss or quantifiable injury" but, rather, are punitive in nature. Defendant further argues that presumed damages are also a special remedy designed to fully compensate defamation victims. Defendant concludes that presumed damages are punitive in nature and are tantamount to a special remedy, and therefore, an additional award of punitive dam-

ages would result in an impermissible windfall to plaintiff of what would be punitive damages upon punitive damages. We disagree with defendant's reasoning, and, in our view, the cases he relies upon do not support the proposition he advances.

First, defendant cites to no authority, nor have we encountered any in our research, for the proposition that presumed damages are punitive or anything other than compensatory in nature or in fact. Presumed damages are those which the law presumes must actually, proximately and necessarily result from the publication of the defamatory matter. (*Brown v. Farkas* (1987), 158 Ill. App. 3d 772, 511 N.E.2d 1143.) The amount awarded is an estimate of the extent of the loss the plaintiff has suffered in the past and would suffer in the future, either from a monetary or enjoyment of life standpoint. *Lorillard v. Field Enterprises, Inc.* (1965), 65 Ill. App. 2d 65, 213 N.E.2d 1; *Brown & Williamson Tobacco Corp. v. Jacobson* (7th Cir. 1987), 827 F.2d 1119; *Babb v. Minder* (7th Cir. 1986), 806 F.2d 749.

That the plaintiff is not required to prove a specific monetary value on the injury or loss resulting from the defamation does not make the damages any less compensatory in nature. The rationale for the presumed damages rule was based on the recognition that it is often extremely difficult, if not impossible, for the average plaintiff in such an action to present evidence which would support an award of compensatory damages based upon the actual harm sustained. Presumed damages are similar to the general damages awarded a personal injury plaintiff for the pain, suffering and disability resulting from an injury. Although pain and suffering and disability are not susceptible to precise pecuniary valuation, their existence is assumed from the fact of the injury, and they are recognized as compensable losses. Similarly, there is no scale by which to measure the monetary value of reputation, good will, loss of esteem and the like. The law nevertheless recognizes the impairment of reputation and standing in the community, the loss of esteem, personal humiliation and anguish as actual injuries which naturally flow from the publication of a defamatory falsehood. Indeed, impairment of one's reputation is the essential element and basis for an award of compensatory damages. See, *e.g., Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997; Restatement (Second) of Torts §§621, 903 through 908 (1977).

Defendant's argument that punitive damages should not be awarded because presumed damages adequately and fully compensate the defamation victim ignores the fundamental principle that compensation is not the purpose of punitive damages. Punitive damages have

two purposes: to punish the tortfeasor and to deter him and others like him from similar future conduct. (*Smith v. Wade* (1983), 461 U.S. 30, 75 L. Ed. 2d 632, 103 S. Ct. 1625; *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997; *Curtis Publishing Co. v. Butts* (1967), 388 U.S. 130, 18 L. Ed. 2d 1094, 87 S. Ct. 1975; *Brown v. Farkas* (1987), 158 Ill. App. 3d 772, 511 N.E.2d 1143; *Brown & Williamson Tobacco Corp. v. Jacobson* (7th Cir. 1987), 827 F.2d 1119.) In awarding compensatory damages, the focus is on the plaintiff's losses, whether special or presumed. In contrast, the focus in a determination of whether punitive damages should be imposed and in what amount is on the character of the defendant's conduct. (*E.g., Smith v. Wade* (1983), 461 U.S. 30, 75 L. Ed. 2d 632, 103 S. Ct. 1625.) If the character of the conduct is of the sort that calls for deterrence and punishment over and above that provided by a compensatory award, then it is appropriate to allow a jury to assess punitive damages, subject to the limitation that such an award is not founded on the mere prejudice of the jury. (*Curtis v. Butts* (1967), 388 U.S. 130, 18 L. Ed. 2d 1094, 87 S. Ct. 1975.) They are in the nature of a private fine levied by civil juries to punish reprehensible conduct and deter its future occurrence. (*Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997.) As previously stated, punitive damages are never awarded as a matter of right. Thus, no matter how egregious the defendant's conduct may be, the jury is never obliged to assess punitive damages. *Smith v. Wade* (1983), 461 U.S. 30, 75 L. Ed. 2d 632, 103 S. Ct. 1625.

Illinois courts have consistently recognized the availability of punitive damages in defamation cases which have applied the *New York Times* "actual malice" standard of liability. *E.g., Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 41 L. Ed. 2d 789, 94 S. Ct. 2997; *Tunnell v. Edwardsville Intelligencer* (1969), 43 Ill. 2d 239, 252 N.E.2d 538; *Brown v. Farkas* (1987), 158 Ill. App. 3d 772, 511 N.E.2d 1143; *Erickson v. Aetna Life & Casualty Co.* (1985), 127 Ill. App. 3d 753, 469 N.E.2d 679; *Newell v. Field Enterprises, Inc.* (1980), 91 Ill. App. 3d 735, 415 N.E.2d 434; *Davis v. Keystone Printing Service, Inc.* (1982), 111 Ill. App. 3d 427, 444 N.E.2d 253; *Fopay v. Noveroske* (1975), 31 Ill. App. 3d 182, 334 N.E.2d 79; *Brown & Williamson Tobacco Corp. v. Jacobson* (7th Cir. 1987), 827 F.2d 1119; *Babb v. Minder* (7th Cir. 1986), 806 F.2d 749; *Gertz v. Robert Welch, Inc.* (7th Cir. 1982), 680 F.2d 527.

Defendant argues that those cases not involving public figures are irrelevant to the question presented in this appeal. We note, however, that *Fopay v. Noveroske* (1975), 31 Ill. App. 3d 182, 334 N.E.2d 79,

and *Brown & Williamson Tobacco Corp. v. Jacobson* (7th Cir. 1987), 827 F.2d 1119, were cases in which awards of punitive damages to public figures were upheld. Indeed, the Seventh Circuit Court of Appeals in *Brown & Williamson* expressly declined to follow the decision in *Costello*, stating that the *Costello* court had cited no authority for its ruling and that the decision "stands alone among the Illinois cases" (827 F.2d at 1142 n.12). The cases relied upon by *Costello* and defendant do not support a contrary conclusion. We have carefully reviewed each of these cases, find they are factually and analytically distinguishable from the issue before us, and that extended discussion of them is unnecessary.

We determine that in a defamation action involving a public figure, where the plaintiff has satisfied the standard necessary to constitutionally permit recovery of compensatory damages, *i.e.*, he has proven by clear and convincing evidence that the defendant made or published the defamatory statement with knowledge of its falsity or reckless disregard for whether it was true or false, the allowance of punitive damages in addition to compensatory damages does not, as a matter of law, constitute an impermissible double recovery or violate defendant's constitutional protections.

Thus, we respond to the question certified for our review in the negative. Restating that question, we hold that punitive damages are not barred, as a matter of law, in a defamation action by a limited purpose public figure who satisfies the *New York Times* "actual malice" burden of proving that the defamatory statement was made with knowledge of its falsity or with reckless disregard of its falsity provided that any such award of punitive damages is supported by the evidence and not based on the mere prejudice of the jury.

For the reasons stated, the order of the trial court striking plaintiff's claim for punitive damages is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.