GERALD KRASINSKI, Plaintiff-Appellant, v. UNITED PARCEL SERVICE, INC., *et al.*, Defendants-Appellees.

Third District No. 3—90—0223

Opinion filed February 8, 1991.

Anthony C. Raccuglia & Associates, of Peru (Cynthia M. Raccuglia, of counsel), for appellant.

Keck, Mahin & Cate, of Peoria, and John A. McDonald, of Keck, Mahin & Cate, of Chicago (Keith J. Braskich, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Gerald Krasinski filed suit in the circuit court of La Salle County against United Parcel Service (UPS) and two of its employees, Frank Wise and Bill Fields, alleging wrongful discharge and malicious defamation arising out of the termination of plaintiff's employment as a driver for UPS on October 7, 1981. The unlawful discharge count was dismissed in 1982, and the defendants filed a motion for summary judgment as to the defamation counts on the ground that the statements involved were privileged communications. The trial court denied defendants' motion, ruling that, although a qualified privilege attached to the defamatory statements alleged in the complaint, an issue of material fact existed as to whether the statements were made with actual malice.

Next defendants moved to dismiss the complaint on the ground that the claim was preempted by Federal law in that the alleged defaming statements took place within the context of an investigation of possible theft and discipline pursuant to a collective bargaining agreement. Defendants relied in part upon the discharge grievance proceeding which was concluded in favor of plaintiff and resulted in an order of reinstatement. The trial court found that plaintiff's claims were preempted by Federal law and granted the motion. However, that ruling was reversed by this court (*Krasinski v. United Parcel Service, Inc.* (1987), 155 Ill. App. 3d 831), and the supreme court affirmed our appellate decision, holding that the complaint for defamation was independent of the collective bargaining agreement. (*Krasinski v. United Parcel Service, Inc.* (1988), 124 Ill. 2d 483.) Following remand to the trial court, defendants again moved for summary judgment. The trial court again ruled that a material issue of fact exists as to the existence of actual malice, thus denying summary judgment on that issue. The court also found that there had been no publication beyond UPS management and plaintiff's union representative and granted summary judgment for defendants on that issue. Neither of these rulings is before us on appeal.

Rather, this appeal involves the trial court's third ruling: that punitive damages are not a remedy available to plaintiff in this case. The court entered judgment for defendants on that issue.

On appeal, plaintiff contends that the trial court erred in holding that, where actual malice is a necessary element of the action, plaintiff cannot recover both compensatory and punitive damages because the same conduct would be the basis for both types of damages and would constitute a double recovery. The trial court relied upon *Costello v. Capital Cities Communications, Inc.* (1987), 153 Ill. App. 3d 956, *rev'd on other grounds* (1988), 125 Ill. 2d 402, where the appellate court affirmed the trial court's award of actual damages and reversed an award of punitive damages in a libel action. The court stated:

> "[I]f the factors that ordinarily justify an award of punitive damages are themselves the basic elements necessary to be established in order to recover compensatory damages, an award of punitive damages in addition to the compensatory damages constitutes an impermissible double recovery." 153 Ill. App. 3d at 974.

Plaintiff argues that the controlling decision here is that of *Winters v. Greeley* (1989), 189 Ill. App. 3d 590, where the court held that an allowance of punitive damages in addition to compensatory damages in a defamation action where "actual malice" had to be proved does not as a matter of law constitute an impermissible double recovery. In *Winters*, the court noted that *Costello* had been reversed by the Illinois Supreme Court on other grounds without addressing the issue of punitive damages and then declined to follow the appellate court decision on that issue.

The *Winters* decision discussed the factors that are considered in determining the award of compensatory damages for loss of reputation, good will, and esteem and for personal humiliation and anguish. The court observed that the purpose of punitive damages is not compensation but rather to punish the tortfeasor and to deter him and others from similar future conduct. Punitive damages are in the nature of a private fine levied by civil juries to punish reprehensible conduct and are never awarded as a matter of right. Thus, the concept of "double recovery" does not enter into this kind of defamation case.

■ Illinois courts have previously approved an award of both compensatory and punitive damages in defamation cases involving a qualified privilege where the proof of actual malice is required. (*E.g., Newell v. Field Enterprises, Inc.* (1980), 91 Ill. App. 3d 735, 415 N.E.2d 434; *Fopay v. Noveroske* (1975), 31 Ill. App. 3d 182, 334 N.E.2d 79.) Furthermore, our courts have made clear that "the right to be free from malicious defamation is firmly rooted in our State's

public policy" (*Krasinski v. United Parcel Service, Inc.* (1988), 124 Ill. 2d 483, 494), and that "[t]here is little doubt that the protection of an individual's interest in his reputation is a deep and traditional concern of the State of Illinois" *(Fisher v. Illinois Office Supply Co.* (1985), 130 Ill. App. 3d 996, 1001). The United States Supreme Court has also held that an award of punitive damages as well as compensatory damages is proper under the qualified privilege rule. *Curtis Publishing Co. v. Butts* (1967), 388 U.S. 130, 18 L. Ed. 2d 1094, 87 S. Ct. 1975.

Defendants have cited a number of cases where it has been held that punitive damages are not available where the outrageous quality of the defendant's conduct or proof of wilful and wanton misconduct were essential elements of the cause of action, but none of those cases involved malicious defamation. See *Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157 (intentional infliction of severe emotional distress); *Holt v. Cross* (1983), 121 Ill. App. 3d 695 (student suing teacher for excessive corporal punishment involving wilful and wanton misconduct); *Dethloff v. Zeigler Coal Co.* (1979), 69 Ill. App. 3d 133, 386 N.E.2d 1373 (action for trespassory taking of coal).

■■ We consider the availability of punitive damages in the case at bar to be essential to carrying out the public policy of our State just as was the denial of Federal preemption of this cause of action. (*Krasinski v. United Parcel Service, Inc.* (1988), 124 Ill. 2d 483.) The protection of plaintiff's reputation and standing in the community is of such a vital concern to the State that plaintiff should not be precluded from recovering punitive damages if he can meet his burden of establishing actual malice. The purposes of punishment and deterrence will best be accomplished if punitive damages are available.

Accordingly, we reverse the judgment entered by the trial court on the issue of punitive damages and remand this cause for further proceedings.

Reversed and remanded.

McCUSKEY and SLATER, JJ., concur.